FIRST NAT. BANK OF BURLINGAME v. HANOVER NAT. BANK OF NEW YORK.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1895.)

No. 433.

BANKING—RECEIPT OF PROCEEDS OF DISCOUNT—ESTOPPEL.
    A New York bank, at the request of S., the president of a Kansas bank, discounted a note made by S. By direction of S., it placed the proceeds of the note to the credit of the Kansas bank, and. telegraphed S. that it had done so. On the receipt of the telegram, S. caused the proceeds of the note to be placed to his credit in the Kansas bank, and used the same. *Held*, that these acts constituted no evidence that the Kansas bank retained or enjoyed the proceeds of the .discount, so as to estop it to question the authority of its officers to charge it with liability for the note.

In Error to the Circuit Court of the United States for the District of Kansas.

Elijah Robinson, for plaintiff in error.
C. N. Sterry, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The Hanover National Bank of New York, the defendant in error, brought an action in the court below, and, after a jury trial, recovered a judgment against the First National Bank of Burlingame, Kan., the plaintiff in error, for a balance alleged to be due it on account. The writ of error was sued out to reverse this judgment. At the trial there was but a single item of the account in controversy. That was $5,000, which the New York bank charged to the Kansas bank on December 24, 1890, on account of a promissory note for that amount made by one Sheldon, and discounted by the New York bank at his request. Sheldon was the president of the Kansas bank, and the New York bank maintained that the Kansas bank had agreed to pay this note at maturity if Sheldon did not, and that it had authorized the charge

of this item to its account in that event. The Kansas bank denied that it had ever made any such agreement or given any such authority. There was conflicting evidence upon this issue that it is unnecessary to recite. But the evidence was undisputed that the New York bank discounted this note on September 23, 1890; that by direction of Sheldon it placed the proceeds of it on its books to the credit of the Kansas bank, and telegraphed to Sheldon to that effect on the same day, and that immediately upon the receipt of that telegram by Sheldon these proceeds were placed to his credit in the Kansas bank, and were used by him. The court charged the jury:

"If you find from the evidence that there was originally a defect of authority upon the part of these parties to this transaction, and if you further find that the defendant bank retained and enjoyed the proceeds of the transaction made by Sheldon, that would constitute acquiescence, as effectual as the most formal ratification afterwards, and the defendant, if you find that to be the case, would be estopped from resisting the demand of the plaintiff here. That is a matter for you to determine from the testimony, for upon the question of authority the testimony is conflicting, and you must determine it for yourselves."

An exception was taken to this portion of the charge on the ground that there was no evidence tending to show that the defendant bank received and had the benefit of the loan in controversy. We think this exception was well taken. We have stated the only evidence the record discloses on this subject, and from that it clearly appears that the Kansas bank was used by Sheldon as a mere conduit through which to pass the proceeds of the discount from the New York bank to himself. Just as soon as he learned that the New York bank had credited the Kansas bank with this money on its books, he caused it to be charged to the Kansas bank, and credited to himself on the books of the latter, and he used it. The Kansas bank neither retained nor enjoyed the proceeds of this discount, nor did it receive any interest, commission, or other benefit from the transaction. As there was no evidence that it retained or enjoyed the proceeds of this discount for the jury to consider, the instruction that such retention and enjoyment might work an estoppel of the right of the bank to question the authority of its officers to charge it with the liability in issue obviously tended to mislead the jury. An instruction which submits a material issue, that is settled by the uncontradicted evidence in the case, to a jury, as a disputed question of fact for them to determine, is misleading and erroneous. Smith v. U. S., 151 U. S. 50, 54, 14 Sup. Ct. 234. The judgment below is reversed, and the cause remanded, with instructions to grant a new trial.