STATE NAT. BANK OF ST. JOSEPH, MO., v. NEWTON NAT. BANK.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1895.)

No. 502.

AGREEMENT BY BANK TO PAY NOTE—POWER OF CASHIER.

The complaint in an action by one bank against another bank on notes payable to the M. Co., and executed by its stockholders, who constituted the board of directors, among whom was C., the cashier of defendant bank, alleged that plaintiff had discounted the notes at the request and for the benefit of defendant; that the proceeds had been received by defendant, and used by it in its business; that, though defendant did not indorse the notes when they were discounted, yet they were executed, and indorsed by the payee to plaintiff, solely for the accommodation of defendant, it agreeing by letter written by C. that at maturity the notes might be charged to defendant, if arrangements were not made for their renewal. The answer alleged that the notes were executed for the accommodation of the payee, under an arrangement with plaintiff to discount the notes for the sole benefit of the payee, and not for the benefit of defendant; that the letter written by C. was without the knowledge or ratification of defendant or its directors, and that the bank had received no consideration for the promise that the notes might be charged to its account at maturity; that plaintiff knew at the time that C. was not only one of the makers of the notes, but also a stockholder and officer of the payee and indorser, yet did not make inquiry as to his authority to bind defendant; that C., in sending the letter, was not acting altogether for defendant, as its cashier, but was also acting for himself and the M. Co., which plaintiff then knew; that C., in requesting plaintiff to place the proceeds to defendant's credit, did so as the representative of the M. Co., which plaintiff then knew, and that with such knowledge, and in compliance with such direction of C., plaintiff placed the proceeds to defendant's credit; that the M. Co. directed the proceeds of the notes to be thus placed to defendant's credit as a mere matter of convenience to the M. Co., and not as a matter of convenience to defendant; that defendant had no notice of such direction till after the credit was given; and that in giving such direction the M. Co., as plaintiff knew, did so merely to facilitate the transmission to it of the proceeds of the loan. *Held,* that plaintiff's motion for a judgment on the pleadings was properly overruled, as it admitted all the allegations of the answer, and it is not within the scope of the ordinary duties of a cashier to bind his bank by agreement to discharge obligations which he has himself contracted for the accommodation of a third party.

In Error to the Circuit Court of the United States for the District of Kansas.

Action by the State National Bank of St. Joseph, Mo., against the Newton National Bank, on notes. Judgment for defendant. Plaintiff brings error.

M. A. Reed and J. G. Slonecker filed brief for plaintiff in error.

C. S. Bowman and Charles Bucher filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The sole question presented by this record is whether an answer filed by the Newton National Bank, the defendant in error, to a suit brought against it by the State National Bank of St. Joseph, Mo., the plaintiff in error, stated a good defense

to the action. The question arises in the following manner: The State National Bank of St. Joseph, Mo., hereafter termed the "St. Joseph Bank," sued the Newton National Bank, hereafter termed the "Newton Bank," in the circuit court of the United States for the district of Kansas, to recover the amount due on two promissory notes, each for the sum of $10,000, which were executed on July 21, 1890, and were afterwards sold to the plaintiff bank. Both notes were payable to the order of the McLain Live-Stock & Investment Company. One of them was executed by A. H. McLain, Horace McLain, C. R. McLain, and A. O. McLain. The other was executed by A. H. McLain, E. S. McLain, C. R. McLain, and A. O. McLain. The makers of these notes owned all the stock of the McLain Live-Stock & Investment Company, and constituted the board of directors of that company. C. R. McLain, one of the makers of said notes, was also cashier of the Newton Bank, while A. H. McLain and A. O. McLain were, respectively, vice president and assistant cashier of said bank. The St. Joseph Bank alleged in its complaint, in substance, that it had discounted these notes at the request of the Newton Bank, and for its benefit; that the proceeds of the discount had been received by the Newton Bank, and had been used by it in the ordinary course of its business; that, although the Newton Bank did not indorse the notes at the time they were discounted, yet that the notes were in fact executed by the makers thereof, and were indorsed to the St. Joseph Bank by the payee, solely for the accommodation of the Newton Bank,—the latter bank agreeing, by means of a letter written by C. R. McLain, its cashier, that at the maturity of said notes they might be charged to the Newton Bank, if arrangements were not made in the meantime for the renewal of the paper. The plaintiff bank also alleged that no arrangement for a renewal of the paper was in fact made before maturity, that the notes were overdue, and that the payment thereof had been demanded from the defendant bank, wherefore it prayed judgment against it for the amount due on said notes. The answer of the defendant bank to said complaint admitted the execution and sale of the notes to the St. Joseph Bank, but it alleged the fact to be that said notes were executed for the accommodation of the payee therein named, to wit, the McLain Live-Stock & Investment Company, in pursuance of an arrangement between said payee and the St. Joseph Bank whereby the latter was to discount, and did in fact discount, the notes for the sole benefit of the payee, and not for the benefit of the Newton Bank. The answer further averred, in substance, that the letter written by C. R. McLain, the cashier of the defendant bank, authorizing the notes to be charged to it at maturity, was written wholly without the knowledge or sanction of the Newton Bank, or of its board of directors; that neither said bank nor its board of directors had authorized the writing of such letter by its cashier, or had ratified his action in so doing; and that the bank had received no consideration for the promise therein contained, that the notes might be charged to its account at maturity. The answer also contained the following averments:

"That if plaintiff did discount said notes upon the strength of the said Charles R. McLain's direction to it to charge the same to defendant at their maturity, which this defendant denies, plaintiff well knew at the time that said Charles R. McLain was one of the makers of said notes, and was individually interested in the McLain Live-Stock & Investment Company, the indorser * * * thereof, as a stockholder, director, and officer therein, and that, being so interested, he, the said McLain, was in no position to fairly and honestly act for, represent, and bind defendant bank in and about the matters in which he was so individually interested, and it became and was the duty of plaintiff, before accepting the promises and acting on the directions of the said McLain, as cashier of defendant, in and about the matter aforesaid, to make inquiry as to his authority, as cashier or otherwise, to so bind the defendant, which inquiry plaintiff did not make, but with full notice of the said McLain's individual interest therein, as aforesaid, acted as it did in the premises; * * * that the said C. R. McLain, in writing and sending the letter, * * * was not acting altogether for defendant bank, as its cashier, but was also acting for and representing himself and the McLain Live-Stock & Investment Company, which plaintiff at the time well knew, and the said McLain, in requesting the plaintiff to place the proceeds of said notes to the credit of defendant bank, as set up in the petition, made such request and gave such directions as the agent and representative of the said McLain Live-Stock & Investment Company, and for it and on its behalf, all of which the plaintiff understood and well knew at the time; * * * that it was with such knowledge, and in compliance with such direction of said C. R. McLain, acting as the representative and agent of said McLain Live-Stock & Investment Company, that plaintiff placed such proceeds to the defendant's credit; * * * that the McLain Live-Stock & Investment Company directed plaintiff bank to place the proceeds of said notes to the credit of defendant, as aforesaid, as a mere matter of convenience to it, and not as a matter of any convenience or accommodation to defendant, and defendant had no notice or knowledge of such direction being given until after such credit was given as aforesaid; that, in giving such direction to plaintiff to credit this defendant with the proceeds of said notes, the said McLain Live-Stock & Investment Company, as plaintiff well knew, did so merely for the purpose of facilitating the transmission to it of the proceeds of said loan."

The plaintiff bank subsequently filed a reply to said answer, wherein it denied all of the allegations contained in the answer. It afterwards filed a motion for a judgment in its favor upon the pleadings, which motion the court overruled. Thereafter, the plaintiff bank announced that it would rest the case on its motion for a judgment upon the pleadings. The circuit court thereupon entered a judgment in favor of the defendant. To reverse that judgment the plaintiff bank has removed the record to this court by writ of error.

It it manifest that the aforesaid motion filed by the plaintiff proceeded upon the theory that the admissions contained in the answer were sufficient to warrant a judgment in favor of the plaintiff, irrespective of all other allegations in said answer contained. The motion admitted all of the affirmative allegations contained in the answer which were at first put in issue by the reply. By filing said motion the plaintiff, in effect, asserted, and rested its case on that assertion, that, notwithstanding all of the facts stated in the answer, it was nevertheless entitled to a judgment. We think that this position was untenable. In view of the motion for a judgment on the pleadings, it stood admitted of record that the notes in suit were discounted for the sole benefit of the McLain Live-Stock & Investment Company, in pursuance of a previous agreement between

it and the plaintiff bank; that the proceeds were received and used by the investment company, and not by the Newton Bank; that they were placed to the credit of the Newton Bank, on the books of the plaintiff bank, merely as a convenient mode of transmitting the same to the investment company; and that the plaintiff was well advised of that fact when it made the discount. It also stood admitted that the letter signed by C. R. McLain, as cashier of the Newton Bank, authorizing said notes to be charged at maturity to that bank, had been written by said McLain of his own motion, without the knowledge or sanction of said bank or its board of directors, and that the plaintiff bank had caused no inquiries to be made as to the extent of McLain's authority, although it well knew that by writing said letter he had assumed to bind the bank, of which he was cashier, to pay his individual notes to the amount of $20,000. The contention that the letter written by the cashier of the Newton Bank had the effect of binding that bank to pay the notes in suit, notwithstanding the admitted facts that it was written without any actual authority, and that the bank had not received the proceeds of the discount, must rest upon the assumption that it is within the scope of the ordinary duties of a bank cashier to bind his bank by an agreement to discharge obligations which he has himself contracted for the accommodation of a third party. It is hardly necessary to observe that the making of an agreement of that nature is wholly outside of the ordinary functions of a cashier, and that persons dealing with such officers have no right to presume that they have been vested with authority to make agreements of that character. Upon the state of facts disclosed by the answer and admitted by the motion, the case presented for decision was not one in which a bank cashier had assumed to borrow money for the use and benefit of his bank, but it was one in which he had attempted to pledge the credit of the bank to secure a discount of his own notes for the benefit of a third party. It is clear, we think, that McLain, as cashier, had no implied power to bind the defendant by a transaction of that kind; for, even if the board of directors of the bank could make such use of the bank's credit,—a proposition which we need not discuss,—it would not be within the scope of the ordinary duties of a cashier to thus pledge its credit and funds. West St. Louis Sav. Bank v. Shawnee Co. Bank, 95 U. S. 557; Bank v. Armstrong, 152 U. S. 346, 14 Sup. Ct. 572.

We conclude, therefore, that the answer of the defendant bank stated a good defense to the action, and that the motion for a judgment on the pleadings was properly overruled. The judgment of the circuit court is accordingly affirmed.