**FIRST NAT. BANK OF SKIATOOK v. LIBERTY NAT. BANK OF TULSA.**

No. 13967—Opinion Filed Sept. 16, 1924.

**1. Banks and Banking—Acts of Officers—Binding Effects—Signing Notes.**

A note signed by the officers, to obtain a loan for a bank, constitutes a legal obligation of the bank, where the money was received by it, and all parties understood the nature of the transaction. Leonard v. State Exchange Bank of Elk City, 236 Fed. 316.

**2. Appeal and Error—Questions of Fact—Findings — Conclusiveness.**

Where, in the trial of a law case, a jury is waived and the cause tried to the court without a jury, the finding and judgment of the court will not be set aside on appeal because of insufficiency of the evidence, if there is any competent evidence in the record reasonably tending to support such findings and judgment.

### 3. Same—Judgment Sustained.

Record examined; and held, that the findings and judgment of the trial court are reasonably supported by competent evidence introduced upon the trial and appearing in the record; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, Co.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the First National Bank of Skiatook, against the Liberty National Bank of Tulsa, for money on account. Judgment for defendant, and plaintiff appeals. Affirmed.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiff in error.

Bell & Fellows, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was plaintiff below, and the defendant in error was defendant. For convenience the parties will be referred to as plaintiff and defendant as they appeared in the trial court.

The plaintiff commenced this action in the district court of Tulsa county on the 3rd day of February, 1921. The petition, in effect, charges that the plaintiff bank had been carrying a deposit account with the defendant, on which account there was a balance due the plaintiff in the sum of $711.32.

That on the 4th of December, 1920, plaintiff drew a draft for the said sum against the defendant bank in favor of the Exchange National Bank, and the draft was regularly presented and payment refused; and alleged that repeated demands had been made and refused. Plaintiff prays judgment in the amount of $711.32, with interest at 6 per cent. per annum from and after the 4th of December, 1920. Demurrer was sustained to the petition and an amended petition was filed, on which the cause was tried. The foregoing statement is the substance of the amended petition.

On the 18th of May, 1922, the defendant filed answer and cross-petition. The defendant denied all the allegations of the petition; and affirmatively alleged that the plaintiff agreed with the defendant to sell and discount to the defendant a certain lot of notes, signed by George H. Currier, payable to C. H. Cleveland, aggregating $18,000, bearing interest at eight per cent. per annum, at a nine per cent. discount, with the agreement that the proceeds was to remain on deposit with the defendant during the life of the notes at interest at the rate of two per cent. on daily balance, to be computed monthly; that the proceeds of the notes, amounting to $16,908.75, was placed to plaintiff's credit, the same being the face of the notes less the nine per cent. discount; that the plaintiff charged the defendant on its books with the full face of the notes, thereby making a discrepancy in the two accounts of $1,091.25; that in order to obtain credit for the full amount with the defendant, the plaintiff agreed to give its note, payable to the defendant, for the sum of $884.50, which sum, with a small balance owing to plaintiffs, would cover the $1,091.-25; that a note in said sum was delivered to defendant, signed by C. H. Cleveland, Frank F. Cochran, and Ralph E. Gilbert, they being a majority of the board of directors of the plaintiff bank; and based upon said note and balance on deposit, the plaintiff received credit for the full sum of $18,-000 in the defendant bank; that the $884.50 note was renewed from time to time until the fifth renewal note was made in the sum of $880, which matured November 15, 1920; that on the 3rd of December, 1920, the plaintiff had a credit with defendant in the sum of $711.32, against which was charged the note for $880, with $2.40 accrued interest, leaving a balance owing by plaintiff to defendant in the sum of $171.08; and denies specifically that defendant bank had on deposit to the credit of the plaintiff bank, on the 4th of December, 1920, the sum of $711.32. Defendant prays judgment against plaintiff in the sum of $171.08, with interest at the rate of six per cent. per annum from the 3rd day of December, 1920.

The plaintiff replied by general denial, and by specifically denying that it transferred the Currier notes to defendant at a discount of nine per cent. or that such discount should be charged to the plaintiff; and denies that there was any discrepancy of $1,091.25, or that there was any agreement to cover the amount by a note in the sum of $884.50; but alleges that if the $18,-000 notes were discounted it was the transaction of C. H. Cleveland, and not of the plaintiff bank; and that the $884.50 note was a private transaction of C. H. Cleveland, Frank F. Cochran, and Ralph E. Gilbert, and was not a transaction to which the plaintiff bank was a party. It admits that it was given credit in defendant bank for the sum of $18,000, and that such sum was to remain on deposit with defendant bank until defendant had collected the full amount of the notes from the maker thereof, and alleges that upon collection plaintiff was entitled to the amount of which it received all except the sum of $711.31, for which the suit was brought.

The cause was called for trial on the 25th of May, 1922, the parties waived a jury and the cause was submitted to the court without a jury. At the close of the case the court rendered judgment for the defendant upon its cross-petition for the sum of $171.80, and the plaintiff appeals.

Several assignments of error are made, but the one question decisive of this appeal is whether or not there was sufficient evidence in the record to support the finding of the trial court that the note given by the officers of the plaintiff bank to the defendant bank was the obligation of the plaintiff bank instead of the obligation of the individuals who signed the note. The original note was signed by C. H. Cleveland, Ralph E. Gilbert, and Frank F. Cochran, and was for the sum of $884.50, and was renewed from time to time until the 5th renewal note was given, which is in words and figures as follows:

"Tulsa, Oklahoma, August 18. 1920."

"November 15, 1920, after date, I, we, or either of us, promise to pay to the order of the Liberty National Bank, Tulsa, Oklahoma, eight hundred eighty and no -100 dollars. For value received negotiable and payable at office of the Liberty National Bank of Tulsa, Oklahoma, with interest from Mat'y at the rate of 10 per cent. per annum. The makers and endorsers hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest, and agree that extensions of time for payment may be granted by the holders hereof without notice. In case of legal proceedings to collect this note, or in case this note is handed to an attorney for collection, I, we, or either of us, agree to pay ten per cent. of the total amount named herein, additional, as attorney's fees.

"Due_____     C. H. Cleveland,
"P. O._____   Ralph E. Gilbert,
"No. 8608"        Frank F. Cochran."

The plaintiff contends this note was the individual obligation of the makers; while the defendant contends that it was the obligation of the plaintiff bank, and so treated it. It appears from the record that C. H. Cleveland was president of the plaintiff bank, and the three makers of the note were the active managing officers or directors of the plaintiff bank at the time of the transaction. The reply of the plaintiff to the defendants' answers presents the idea that the original transaction concerning the $18,000 in notes signed by George H. Currier, was the individual transaction of C. H. Cleveland with the defendant bank, and that there was no agreement made by plaintiff bank to discount the notes to the defendant bank. It appears that the transaction, as originally made, was

made by Mr. Cleveland. It appears from the plaintiff's evidence that the Currier notes for $18,000 were being carried by plaintiff, and the National Bank Examiner, Mr. Filson, told plaintiff's officers that the Currier notes would have to be taken out, and the notes were taken out and placed with the defendant, the Liberty National Bank, and plaintiff took credit for the amount of the notes, the $18,000, as money on deposit with the defendant. It appears from the defendent's testimony that when the notes reached the defendant bank. a letter was addressed by its president to plaintiff, which letter is as follows:

"Tulsa, Oklahoma, January 20, 1919."
"First National Bank,
    "Skiatook, Oklahoma.

"Gentlemen:

"We are in receipt of notes executed by Geo. H. Currier, and endorsed by your Mr. C. H. Cleveland, in the amount of $18,000.00.

"We have discounted these notes nine (9) per cent. from today until maturity, which amounts to $1,091.25; this amount being deducted from $18,000.00 leaves $16,908.25, which amount we have credited to your bank's account today. We are to pay you two (2) per cent. on your daily balance, computed monthly. The proceeds of these notes are to remain on deposit with our bank during the life of this paper.

                    "Yours truly,
"AEL-L"             "A. E Lewis, President."

This letter was introduced over the objection of plaintiff. We think the letter was competent as tending to show that the $18,000 note transaction was being handled as between the respective banks, and not as between Mr. Cleveland as an individual on the one part, and defendant bank on the other. On the reverse side of this letter appears the following:

"Dear Sir:—

"We do not understand from this that we are to get accrued interest and interest yet to accrue, so please make it plain to us so there will be no misunderstanding with others here in bank.

                    "Cleveland."

This note on the back of defendant's letter was answered the 22nd of January, 1919, with an explanation that plaintiff was to have the accrued and accruing interest on the $18,000 Currier notes, addressed to C. H. Cleveland, president. First National Bank, Skiatook (plaintiff here), and the closing paragraph is as follows:

"You did not return the instrument which was to be signed up by your directors,

Please have this properly signed and re: turned immediately.

"Yours truly,

"AEL-L" "President."

This was responded to on January 25, 1919. on stationery of defendaut bank, as follows:

"We, the undersigned, Directors of the First National Bank, of Skiatook, Oklahoma, hereby ratify or confirm the agreement of our president, Mr. C. H. Cleveland, with the Liberty National Bank of Tulsa, Oklahoma. The agreement referred to is such that C. H. Cleveland, has deposited $18,-000.00 worth of notes in the Liberty National Bank of Tulsa, Okla., executed by Geo. H. Currier. The entire proceeds of such notes are to remain on deposit with said bank during the life of the paper.

"Dated this 25th day of January, 1919.

"C. H. Cleveland,

"Frank F. Cochran,

"Ralph E. Gilbert."

This statement was evidently prepared by the defendant; and as originally drawn recited "The agreement referred to is such that First National Bank of Skiatook has deposited." etc. Mr. Cleveland changed the statement so that it reads as first quoted, and at the bottom is this explanation:

"A. E. I. changed wording from Bank, to C. H. Cleveland to avoid appearances of rediscount. Sorry for delay."

"Cleveland."

The evidence shows that the plaintiff bank charged the defendant bank with the face of the notes, or the sum of $18,000. Also, that defendant bank credited plaintiff bank, with the proceeds of the Currier notes, less the discount; and that the plaintiff bank was credited with two per cent. on the daily balance of the deposit with the defendant; and there seems to be no dispute but that plaintiff bank was credited in defendant bank with the accrued and accruing interest on the Currier notes. These facts, taken in connection with the quoted correspondence, can leave little doubt that the transaction concerning the Currier notes was a transaction between the respective banks, plaintiff and defendant here: In the communication with which the Currier notes were transmitted. is also the following significant statement:

"You may place proceeds to our credit along the line we agreed upon, and send us the little agreement you mentioned. This should suit His Royal Highness, Sir Filson. Thanking you, I am,

"Yours very truly, .

"C. H. Cleveland."

There is no question but that in handling the Currier notes the officers of the defendant bank thought that they were dealing with the plaintiff bank, and not with C. H. Cleveland as an individual. The defendant bank credited plaintiff with the amount of the Currier notes, less the discount, and that credit, added to the small balance already to the credit of the plaintiff with the defendant bank, left a discrepancy between the charge against the defendant in plaintiff bank and credit of plaintiff in defendant bank, of $884.50. So. Mr. C. H. Cleveland addressed the following communication to defendant:

"C. H. Cleveland, President.

"W. C. Rogers. Vice President.

"H. A. Lord, Vice President.

"Ralph E. Gilbert, Cashier.

"Frank F. Cochran, Ass't. Cashier.

"9969"

"The First National Bank

"United States Depository.

"Skiatook, Okla.

"February 25, 1919.

"Liberty National Bank,

Tulsa, Oklahoma.

"Gentlemen :—

"It appears that in the little trade the writer had with your Mr. A. E. Lewis concerning the Currier notes that we took credit for the full amount of the notes sent you, $18,000.00, but that you gave us credit for but $17,115.50, the difference of $884.50 being due to the fact that we had not figured the discount. I would like to make a note for sixty days to cover this difference, the note to be signed also by Mr. Cochran and Mr. Gilbert. who have been associated with me for a number of years.

"Trusting this will be agreeable and that note will be sent us by early mail for which courtesy we thank you in advance, I am

"Very truly yours,

"C. H. Cleveland."

"(Interest on due notes will make it balance out.")

And this communication was answered on the same day, as follows:

"February 25th, 1919.

"First National Bank. Skiatook, Oklahoma.

"Gentlemen :—

"Attention: Mr. C. H. Cleveland.

"We have your letter of even date, and as per your request we are herewith enclosing note in the amount of $884.50 to be signed by C. H. Cleveland, Ralph E. Gilbert, and Frank F. Cochran.

"When this note is properly executed and returned to us, we will give your bank credit for this amount.

"Yours truly,

"WLL-L                          Vice President."

The introduction of this correspondence was objected to by plaintiff, and the objection overruled and the letters admitted. These letters, taken in connection with exhibits offered by plaintiff and its other proof, tended to show and the court was authorized to find that the whole transaction was had between the two banks, and that Mr. Cleveland was acting for the bank of which he was the president, plaintiff here, and not for himself as an individual.

The plaintiff makes the contention that it received no benefit from the transaction; but this contention is not borne out by this record. It is shown that the plaintiff bank was benefited in two ways. First, it received credit of two per cent. of the daily balance carried in the defendant bank, computed monthly, and, second, by reason of the transaction the plaintiff was enabled to report to the Comptroller of the Currency that it had a cash credit in the defendant's bank instead of reporting $18,000 assets in one name paper.

It appears that on the 3rd of December, the defendant bank was carrying a credit to plaintiff bank in the sum of $711.32: but at the same time defendant was holding the last renewal note hereinbefore quoted for $880, with interest accrued and unpaid, amounting to $2.40, a total of $882.40; and the note being past due. defendant charged the same to the account of the plaintiff, thus leaving a balance due upon the books of defendant, owing by plaintiff, in the sum of $171.08. For this amount the court rendered judgment in favor of defendant and against the plaintiff, on the cross-petition of the defendant, together with interest at six per cent. per annum from and after the 3rd day of December, 1920. The judgment is correct if the entire transaction was had as between the respective banks. The evidence tended to show, and the court found that the entire transaction, including the $880 note, was a transaction between the banks.

In Leonard v. State Exchange Bank of Elk City, 236 Fed. 316, was presented a very similar contention to that made by plaintiff. In the decision in that case the court said:

"The fact that the notes negotiated with the Bank of Commerce were actually signed in the individual names of the officers of the Exchange Bank, instead of in the name of the bank itself, in itself, is of no legal consequence. The money, as understood by all the parties interested, was borrowed for the bank, placed to the credit of the bank, and checked out and used exclusively by the bank for its own purposes. The notes, therefore, created legal obligations of the bank, notwithstanding the fact that they were not executed in the name of the bank. Sherry v. City National Bank. 75 C. C. A. 343, 144 Fed. 587; Flower, Trustee, v. Commercial Trust Co., 138 C. C. A. 580, 223 Fed. 318, and cases cited."

The statement there made is applicable here. It certainly must have been understood by defendant as a transaction between the banks. Credit was given plaintiff bank and accepted by it as such credit; and there is no showing that the amount of the credit was not checked out and used by plaintiff until there was left the small balance of $711.32; and there is scarcely a doubt but that this balance was in part, or all, the credit allowed plaintiff for the $884.50 note, of which the note before quoted was a renewal.

We have examined all the assignments of error in connection with the entire record, and the authorities cited in the briefs. We do not find that plaintiff was denied any substantial right upon the trial. An examination of the record not only discloses that there is no reversible error, but that substantial justice was done by the judgment.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.