## CITIZENS STATE BANK of DENISON, TEX., v. DRUMRIGHT STATE BANK.

No. 15387—Opinion Filed June 23, 1925.

Rehearing Denied Feb. 23, 1926.

### 1. Banks and Banking—Liability on Notes Made by Officers for Benefit of Bank.

Where the acting officers of a bank execute notes in their individual names and place them with another bank and obtain a loan of money thereon for the benefit of the bank they represent, the bank is liable upon the notes as principal and the said officers as sureties.

### 2. Same—Proceeds of Notes Left on Deposit with Lending Bank—Right to Charge off Deposit Against Unpaid Notes.

Where a loan is obtained, as above stated, for the benefit of the bank, and the proceeds of the notes are deposited with the lending bank upon an agreement with the officers of the borrowing bank that the lending bank is to retain the money or a part of it on deposit during the life of the notes, and the lending bank is to pay interest on the deposit and the notes are not paid at maturity, the said deposit may be charged off against the notes the same as if they had been signed by the borrowing bank.

### 3. Same—Lending Bank not Liable to Purchaser of Assets of Borrowing Bank.

Where the borrowing bank receives the benefits of the loan, as above stated and upon notes as above described, and the proceeds of the notes are left on deposit with the lending bank, pursuant to a verbal agreement of the acting officers of both banks,

and the same is charged off against the notes at their maturity, the borrowing bank, or the purchaser of its assets with knowledge, cannot recover the deposit in an action against the lending bank and at the same time deny liability upon the notes and repudiate the verbal agreement by which they obtained the benefits of the loan, on the grounds of ultra vires and statute of frauds.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Citizens State Bank of Denison, Tex., against the Drumright State Bank of Drumright, Okla., to recover a deposit of money. Judgment for defendant, and plaintiff brings error. Affirmed.

Randolph, Haver & Shirk, Albertson & Blakemore, and H.M. Gray, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendant in error.

Opinion by THREADGILL, C. This action was prosecuted by the Citizens State Bank of Denison, Tex., as plaintiff, against the Drumright State Bank of Drumright, Okla., as defendant, to recover a deposit of money in the sum of $19,860.74, alleged to be on deposit in said bank on or about July 15, 1921, in favor of the Denison Bank & Trust Company of Denison, Tex., and which was claimed by purchase from said trust company. The Denison Bank & Trust Company became insolvent about July 15, 1921, and its assets were sold and the plaintiff bought the same, and it claims that the deposit sued for was one of the items it bought of said insolvent trust company. The cause was tried to a jury at the November, 1923, term of the district court of Creek county and resulted in a verdict and judgment for the defendant, and plaintiff has appealed, alleging various assignments of error for reversal, the principal of which, as we view it, is that the evidence is not sufficient to sustain the judgment. We do not think there is any controversy as to what the law is as applied to the facts claimed by each party. They differ far and wide as to the facts proved by the evidence, but they do not differ as to the law.

1. Plaintiff contends that the evidence shows that the Denison Bank & Trust Company had on deposit with the Drumright State Bank at the time it closed its doors, the sum of $19,861.74; that the same was the proceeds of certain notes placed with or made to the Drumright State Bank resulting in a loan to J. S. Mullen. The first of these notes are what are called the Mullen notes; one for $20,000, signed by J. J. Eaves and C. T. Barringer, and one for $5,000, signed by D. Lacy and J. S. Mullen, making the sum of $25,000, for which the Drumright State Bank gave the Denison Bank & Trust Company credit on its books on April 4, 1920, for $24,444.45, and for which defendant paid 4% on daily balances. The Denison Bank & Trust Company entered the same amount on its books as a charge against the Drumright State Bank and credited the account of J. S. Mullen with the same and upon which J. S. Mullen checked as a loan. Plaintiff contends that this was a loan to Mullen from the Drumright State Bank, by virtue of the notes sent to the said bank by the Denison Bank & Trust Company, and the latter assumed no liability in the transaction, but only acted as a clearing house for the former. It says, as a matter of fact, the Drumright State Bank made the loan to J. S. Mullen on the notes given and kept the money on deposit as a credit in favor of the Denison Bank & Trust Company, and the Denison Bank & Trust Company permitted the Drumright State Bank to keep the money on deposit for 4% interest to it, while it charged on its books the said bank with the amount and advanced the money to Mullen by giving him credit on his account for the same. After these entries were made upon the books the Denison Bank & Trust Company drew on the Drumright State Bank at various times, reducing the amount of this deposit, and the Drumright State Bank drew back, building up the account until about March 1, 1921, when the Drumright State Bank became dissatisfied with the Mullen notes, and upon notifying the Denison Bank & Trust Company, its president, Tom Rogers, and its vice president, O. R. Nicholson, each made out a demand note to the Drumright State Bank for $12,500, and each indorsed the other's note, and they sent these notes to said bank to take the place of the Mullen notes and permitted the Mullen notes to stand as collateral to continue the deposit in force and to make the loan good to Mullen. About 60 days thereafter these demand notes were substituted or renewed by notes, made by the same parties, and indorsed the same, and due 60 days after date, and about the time these notes became due the Denison Bank & Trust Company failed, and on the morning of July 15, 1921, the Drumright State Bank made an entry upon its books appropriating the deposit in controversy in payment on the two $12,500 notes, which the plaintiff

claims they had no right to do, on the ground that the said notes were the personal obligations of Rogers and Nicholson, and the trust company, of which they were officers, was in no way liable upon these notes. Upon these facts, which the plaintiff claims the evidence supports, it says the Drumright State Bank should lose the deposit and not the Denison Bank & Trust Company, who gave the credit on its books to J. S. Mullen, the same being given on the strength of the deposit in the Drumright State Bank, and to support their contention they cite Western Nat. Bk. of New York v. Armstrong, 152 U. S. 346, 38 L. Ed. 470; City Electric Street Ry. Co. v. First Nat. Bk. (Ark.) 47 S. W. 855; American Nat. Bk. v. Warren Deposit Bank (Ky.) 92 S. W. 585; State Nat. Bk. of St. Joseph, Mo., v. Newton Nat. Bk., 66 Fed. 691; First Nat. Bk. of Burlingame v. Hanover Nat. Bk. of New York, 66 Fed. 34.

2. If the facts and inferences, as contended for by plaintiff, were undisputed by defendant and without conflict with the record, we would have no trouble in approving the authorities cited and reversing the judgment of the trial court, but there is another side to the question involved.

The defendant contends that the Mullen notes were received by an agreement with Mr. Rogers, the president of the trust company, that it would carry the Mullen notes upon condition that the Denison Bank & Trust Company would carry a deposit with it during the life of the notes in the sum of about $20,000. This agreement was made with J H. Hulme, who was vice president of the Drumright State Bank and active in its management till he retired about September 1, 1920, and went to California, at which time the Mullen notes were in the bank and unpaid. After this, about January 24, 1921, the Denison Bank & Trust Company complained by letter that they did not think that they should keep the deposit up to $25,000 against the Mullen notes, amounting to $25,000, but they thought that $20,000 was all they should be required to maintain, and the Drumright State Bank, in answer to this letter, informed the president of the trust company that they would be willing to allow the deposit reduced to $20,000 upon other good notes, but the Mullen notes were not satisfactory, and the board of directors of the bank had decided against the Mullen notes, and on February 7, 1921, the Drumright State Bank charged the account of the Denison Bank & Trust Company with the sum of $20,153.33, against the Mullen notes, the amount of the deposit at that time, and enclosed the Mullen notes by mail to the Denison Bank & Trust Company, and informed it that if the Trust company desired to continue an account with them, upon receipt of other good notes, it would be glad to "re-credit" the trust company in the sum of $20,000. The evidence shows the trust company received the Mullen notes and thereupon, the president, Mr. Rogers, and the vice president, Mr. Nicholson, executed the notes above mentioned in the sum of $12,500 each and sent them to the Drumright State Bank and asked that the trust company be given credit on its account with $25,000, and its draft was honored for the sum of $5,000 and the $20,000 to be kept on deposit against the notes; it is also in evidence that after this arrangement the trust company returned the Mullen notes to the defendant and requested that it make an effort to collect them, and advised that it should not permit J. S. Mullen to know that the trust company had paid them, but it should notify him as if the notes were the property of the defendant. It seems that this request was complied with and the $5,000 note was collected and credited to the account of the trust company. There is but one reasonable inference to be drawn from this evidence, and that is that the Mullen notes were paid by the deposit of the trust company in the defendant bank and the trust company made no objection, but acquiesced in the payment, and the two $12,500 notes started a new account in the Drumright State Bank, which was in no wise connected with the account closed, and this new transaction was at the request of the Denison Bank & Trust Company. Its reserve was running low and they were looking for the bank inspector to examine their books, and they felt it necessary to show that they had other resources than their books showed to have the approval of the inspector, and for these reasons the president and vice president asked the Drumright State Bank to accept the notes, give the trust company a credit on its books for $25 000, and allow them a draft of $5.000. The motive of the Denison Bank & Trust Company in this arrangement is borne out and explained by the correspondence between it and the officers of the Drumright State Bank requesting that the president of the Drumright State Bank inform the Bank Commissioner of Texas that the $12,500 notes were not liabilities of the Denison Bank & Trust Company, but of the individuals, Rogers and Nicholson, and this information was conveyed to the Bank Commissioner as requested, and if the state of Texas were an interested party in this litiga-

tion the information conveyed by the president of the Drumright State Bank would be binding on the bank, but since the state of Texas is not interested in this controversy it is not binding on the defendant bank. As a matter of fact, the Denison Bank & Trust Company was the party benefited by the transaction with the Drumright State Bank. Its value was increased on its record, and they received $5,000 in actual cash, and interest on daily balances of the deposit, and the verdict of the jury, under the instruction of the court, found that the Denison Bank & Trust Company received the benefits from the two notes executed by Rogers and Nicholson, and placed with the Drumright State Bank, and the evidence is sufficient to sustain this finding, and defendant's proposition, based upon the facts, that where money is borrowed for a bank and placed to the credit of the bank and used as a deposit for its benefit, the fact that the notes given for said money were signed by the individual names of the officers of the bank does not change the legal effect of the indebtedness as an obligation of the bank. And if at the time such indebtedness becomes due there remains on deposit any portion of the proceeds of such note or notes, the lending bank has the legal right to apply said deposit to the payment of the notes, and this proposition is supported by Leonard v. State Exchange Bank, 236 Fed. 316; Hanover Nat. Bank v. First Nat. Bk., 109 Fed. 421; Cherry v. City Nat. Bank, 144 Fed. 587; Flower v. Commercial Trust Co., 223 Fed. 318; Oklahoma City Nat. Bk. v. S. R. Ezzard, 58 Okla. 252, 159 Pac. 267; Harper v. Board of Com'rs of Oklahoma County, 243 U. S. 631; First Nat. Bank of Skiatook v. Liberty Nat. Bank of Tulsa, 100 Okla. 221, 222 Pac. 665.

3. Plaintiff contends that defendant cannot take advantage of the agreement of the officers of the two banks that the proceeds of the notes in the sum of $20,000 should be held on deposit during the life of the notes and to secure the same, for two reasons: First, because such agreement was ultra vires as to the trust company, and second, because, not being in writing, prevented by statute of frauds. Plaintiff's contention is based upon its theory that the Mullen notes and the notes of Rogers and Nicholson are one and the same transaction and resulting in a loan to Mullen. We are cited to the Texas Statutes, article 530, chapter 6, and many cases both federal and state supporting plaintiff's contention. If plaintiff's proposition and theory were supported by the evidence we would be inclined to follow its

argument and authorities, but taking the view that we do, that the evidence supports defendant's contention, that the transaction, in which the Mullen notes were placed with the defendant and the Denison Bank & Trust Company were given credit for the proceeds of the notes and the Denison Bank & Trust Company charged the proceeds of the notes to the defendant and made the loan to Mullen by giving him credit on its account, and that the transaction with the Drumright State Bank was closed by charging off the account against the notes and sending them to the trust company and thereafter the trust company opened another account with the defendant by placing the $12,500 notes with it for a credit of $25,000, and from which they drew the sum of $5,000, and that this transaction was brought about by the president and vice president of the trust company and for the benefit of the trust company, then it follows that the Denison Bank & Trust Company cannot claim the benefits of this transaction in a suit to recover the same and at the same time repudiate the agreement of its officers, upon the ground of ultra vires and statute of frauds. Willoughby v. Fidelity & Deposit Co. of Maryland, 16 Okla. 546, 85 Pac. 713; Cherry v. Fidelity & Deposit Co., 205 U. S. 537, 51 L. Ed. 920; Crowder State Bank v. Aetna Powder Co., 41 Okla. 394, 138 Pac. 392; Bennett v. Gage & Co., 74 Okla. 69, 176 Pac. 744; First Nat. Bk. of Ada v. Womack, 56 Okla. 359, 156 Pac. 207.

In the case of Crowder State Bank v. Aetna Powder Company, supra, the rule is stated as follows:

"Where a cashier of a bank makes a contract which is beyond his power and authority, but the bank by reason thereof secures a benefit or beneficial effect, it will not thereafter be heard to urge nonliability thereunder on the plea of ultra vires."

"It may be considered as settled law in this state to-day that, when a corporation goes outside of its legitimate business and makes a contract, and that contract is executed, and the corporation has received the benefits of the contract, the courts will not listen to a plea of ultra vires."

Plaintiff contends that some of the instructions of the court were erroneous, and upon its theory of the case the instructions complained of are erroneous, but taking the view that plaintiff's theory was erroneous and that defendant's theory is supported by the evidence as determined by the verdict of the jury and the instructions complained of must be held to be correct. We do not deem it necessary to follow this discussion,

since it would consist largely of a consideration of the facts and contentions of the parties above set out and stated. We think it is conceded that if the Denison Bank & Trust Company could not recover the deposit in controversy, had it brought an action for that purpose, that the plaintiff in this case could not recover, since it had notice before it bought the assets of the trust company that defendant had refused to honor the draft of the trust company for this deposit.

We think it is clear from the record that the trial court gave the parties a fair and impartial trial on their respective theories and applied the law according to the evidence in its instruction, and the verdict of the jury and the judgment of the court are supported by the evidence in the case and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. pp. 559, 560, § 166. (2) 7 C. J. p. 653, § 351. (3) 14a C. J. p. 326, § 2171